UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LISA E. CLARK, as Personal Representative for the Estate of Aaron L. Clark, Jr. ,**

    **Plaintiff,**

v.                                                                         Case No.  8:13-cv-2642-T-30MAP

**KENNETH S. TUCKER; MICHAEL D. CREWS, as Secretary of the Florida Department of Corrections; WILBUR BALA, M.D.; ROBERTA A. ESPOSITO; and REINA M. THOMAS,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Strike Affirmative Defenses of Defendant Michael D. Crews or for More Definite Statement (Dkt. 13).  Upon consideration of Plaintiff's motion, and being otherwise advised in the premises, the motion is granted in part and denied in part.

This is a wrongful death action premised on medical negligence.  The deceased Aaron L. Clark, Jr., was a prisoner at the Lawtey Correctional Institution and in the custody of the Florida Department of Corrections.  The amended complaint alleges that, while incarcerated, Clark received negligent medical care that ultimately caused his death.

Plaintiff moves to strike, or for a more definite statement of, Defendant Michael D. Crews' first, second, and tenth affirmative defenses. Plaintiff's motion indicates that Crews has agreed to amend the first and second affirmative defenses to provide more details. Plaintiff states that the sole issue for the Court to adjudicate is whether the tenth affirmative defense should be stricken and asserted in the probate proceeding, or as a counterclaim in the present action. If the Court allows the tenth affirmative defense to proceed as a counterclaim in this action, Plaintiff and Crews agreed that Crews will limit the claim to Plaintiff's Estate and not the survivors. In light of the parties' agreement with respect to the first and second affirmative defenses, the Court will limit its discussion to the tenth affirmative defense.

Crews' tenth affirmative defense states: "Any damages or recovery provided to Plaintiff or the decedent's survivors is subject to and should be reduced by the amount of costs to incarcerate Aaron L. Clark, Jr., as well as any outstanding fines or fees incurred by Aaron L. Clark, Jr. and owed to Defendant." (Dkt. 9).[1]

Plaintiff argues that the tenth affirmative defense should be stricken because Florida's Wrongful Death Statute provides for a very limited recovery for the deceased's Estate and the State, although a creditor of the Estate, would not be permitted to reduce the judgment in favor of the Estate or attach the survivor's recovery. Plaintiff contends that Crews "should not be placed in a preferential position against other Estate creditors, attorneys, etc. but [sic] calling it an affirmative defense in the present action." (Dkt. 13). For these reasons, the

---

[1] Plaintiff's motion points out that this defense is based on Fla. Stat. §§ 960.297 and 960.293(2) that make a convicted offender liable to the state and its local subdivisions for damages and losses for incarceration costs and other correctional costs.

tenth affirmative defense should be stricken without prejudice to Crews to make a timely claim against the Estate in the probate proceeding.

The Court does not agree that the tenth affirmative defense should be stricken. Rather, it should be asserted as a counterclaim. The statute contemplates as much. *See* Fla. Stat. § 960.297(1) ("The state and its local subdivisions, in a separate civil action *or as counterclaim in any civil action*, may seek recovery of the damages and losses set forth in s. 960.293.") (emphasis added). This would be a permissive counterclaim. *See Smith v. Florida Dept. of Corrections*, 27 So. 3d 124, 127 (Fla. 1st DCA 2010) ("The counterclaim authorized by section 960.297(1) is, in this case, a permissive counterclaim because it does not arise out of the same transaction or occurrence giving rise to [the] complaint."). As Plaintiff points out, the counterclaim should not apply to the survivors' claims or reduce any judgment in the survivors' favor.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Strike Affirmative Defenses of Defendant Michael D. Crews or for More Definite Statement (Dkt. 13) is granted in part and denied in part for the reasons stated herein.

2. Per the parties' agreement, Crews may file an amended answer and affirmative defenses to provide a more definite statement with respect to the first and second affirmative defenses.

3. The tenth affirmative defense is stricken without prejudice to Crews to include it as a counterclaim that would apply to the Estate.

4. Crews' amended answer, affirmative defenses, and counterclaim shall be filed within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on December 19, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-2642.mtstrike.frm