**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LISA E. CLARK, as Personal Representative**
**for the Estate of Aaron L. Clark, Jr. ,**

    **Plaintiff,**

v.                                                                              Case No.  8:13-cv-2642-T-30MAP

**MICHAEL D. CREWS, as Secretary of the**
**Florida Department of Corrections;**
**WILBUR BALA, M.D.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Michael D. Crews and Wilbur Bala, M.D.'s Amended Motion to Transfer Venue (Dkt. 28) and Plaintiff's Response in Opposition (Dkt. 36). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted and this action should be transferred to the United States District Court, Middle District of Florida, Jacksonville Division, under 28 U.S.C. § 1404(a).

## BACKGROUND

This case arises from the death of Aaron L. Clark, Jr. while he was a prisoner at the Lawtey Correctional Institution ("LCI"), located in Bradford County, Florida, and in the custody of the Florida Department of Corrections ("FDOC"). Plaintiff Lisa E. Clark, as the personal representative for the Estate of Aaron L. Clark, Jr., filed the instant action. The

amended complaint alleges that, while incarcerated, Clark received negligent and deliberately indifferent medical care that ultimately caused his death.[1]

On January 8, 2014, the Court granted in part and denied in part Defendants' motions to dismiss (Dkt. 21).  Plaintiff's remaining claims are: a medical negligence claim against Defendant FDOC (Count I) and a section 1983 claim for deliberate indifference of Clark's medical needs against Defendant Wilbur Bala, M.D. (Count II).

Defendants FDOC and Dr. Bala now move the Court to transfer this action to the United States District Court, Middle District of Florida, Jacksonville Division, under 28 U.S.C. § 1404(a).

The Court concludes that Defendants have established that transfer of this case is appropriate for the convenience of the parties based on the factors discussed below.

## DISCUSSION

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought".  Plaintiff does not dispute that this case could have been filed in the Middle District of Florida Jacksonville Division.  Thus, the Court's only determination is whether, out of convenience to the parties and in the interests of justice, this action should be transferred to the Middle District of Florida Jacksonville Division.

---

[1] A detailed recitation of the facts is contained within the Court's January 8, 2014 Order on Defendants' motions to dismiss (Dkt. 21).

The Eleventh Circuit has outlined a number of factors for the Court to consider in deciding whether to transfer a case. These factors include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005). The Court addresses each factor in turn.

**A.     The Convenience of the Witnesses**

The convenience of the forum for witnesses is generally considered the single most important factor in the analysis of whether a transfer should be granted. *See Gonzalez v. Pirelli Tire, LLC*, No. 07-80453-CIV, 2008 WL 516847, at *2-3 (S.D. Fla. Feb. 22, 2008). Defendants point out that, with the exception of Dr. Bala's part-time secondary residence in Polk County, none of the parties reside in or near the Tampa Division of the Middle District of Florida. In addition, the allegations relate to the medically and deliberately indifferent care Clark received at LCI, which is located in Bradford County, within the Jacksonville Division. Defendants also point out that material witnesses, like nurse Roberta A. Esposito and nurse Reina M. Thomas (who were originally named in the complaint), are located in Bradford County. It is also axiomatic that FDOC's employees, guards, and medical staff

with relevant information are also located in Bradford County. The prisoners on Clark's cell block are also located in Bradford County.

Notably, Plaintiff and Clark's survivors are located in South Florida, which is within the Southern District of Florida. Plaintiff does not identify any witnesses located in the Tampa Division. Thus, this factor weighs greatly in favor of transfer.

**B.     Location of Documents and Relative Ease of Access to Sources of Proof**

With respect to the location of documentary evidence, Defendants argue that almost all of the relevant documents in this matter are located within the Jacksonville Division, where LCI is located. Defendants point out that Plaintiff's initial Rule 26 discovery disclosures identify material documents that are located at LCI or at other healthcare providers located in Jacksonville. In addition, Dr. Bala, Nurse Esposito, and Nurse Thomas' affidavits confirm that the relevant medical records and other records related to Clark's medical treatment are located at LCI.

In contrast, none of the material documents that Plaintiff listed appear to be located within the Tampa Division. Accordingly, this factor weighs in favor of transfer.

**C.     The Convenience and Relative Means of the Parties**

Defendants contend that neither Plaintiff, nor Plaintiff's counsel, is located within the Tampa Division. In contrast, it would be highly inconvenient for Defendants, including FDOC's employees and agents, to travel to Tampa for the trial.

Although Plaintiff's financial means may be less than Defendants' financial means, Plaintiff would likely travel to Jacksonville in order to attend the depositions of FDOC's employees and other material witnesses located in Bradford County.

In sum, this factor weighs in favor of transfer.

**D.     The Locus of Operative Facts**

A review of the amended complaint makes it clear that the salient events occurred within the Jacksonville Division. Also, none of the allegations occurred within the Tampa Division. Accordingly, this factor weighs in favor of transfer.

**E.     The Availability of Process to Compel the Attendance of Witnesses**

This factor weighs in favor of transfer. Individuals in Bradford County cannot be subpoenaed to testify at the trial in this action because they live more than 100 miles from this Court.

**F.     The Forum's Familiarity with the Law**

This factor is not relevant to the Court's analysis because Florida and Federal law apply to this action.

**G.     The Weight Accorded to a Plaintiff's Choice of Forum**

Generally speaking, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir. 1996). But where, as here, "the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Social Language Processing, Inc. v. OTT,* No. 12-62286-CIV,

2013 WL 1442168, at *4 (S.D. Fla. Apr. 9, 2013) (citations omitted).  Thus, this factor is mostly neutral.

H.     **Trial Efficiency and the Interests of Justice**

For all the reasons discussed above, this final factor weighs in favor of transferring this case to the  United States District Court, Middle District of Florida, Jacksonville Division.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants Michael D. Crews and Wilbur Bala, M.D.'s Amended Motion to Transfer Venue (Dkt. 28) is granted to the extent that this action shall be transferred to the United States District Court, Middle District of Florida, Jacksonville Division.  The Clerk of Court is directed to effectuate this transfer.

2. The Clerk of Court is also directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on February 20, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-2642.grantmotion2transfervenue.wpd